**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| MARIE EDGAR,<br><br>  Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC.,<br><br>  Defendant. | Case No.: _____<br><br><br><br>**DEFENDANTS HOME DEPOT U.S.A.,**<br>**INC.'S NOTICE OF REMOVAL** |

Defendant Home Depot U.S.A., Inc. ("Home Depot"), pursuant to 28 U.S.C. section 1441 *et seq.*, files this notice of removal, and in support states as follows:

Plaintiff Marie Edgar commenced a civil action captioned *Marie Edgar, Plaintiff, v. Home Depot U.S.A., Inc., Defendant* (the "State Court Action"), Case No. 2211-CC00969, in the Circuit Court of St. Louis County, Missouri on October 25, 2022. Plaintiff served Home Depot through its registered agent on October 27, 2022. A copy of Plaintiff's Petition and Summons are attached to this Notice and constitute all process, pleadings, and orders filed in the State Court Action.

In the State Court Action, as set forth in the Petition, Plaintiff claims that she sustained injuries, on or about November 16, 2017, at the Home Depot retail store located at 6190 Mid rivers Mall Dr., St. Peters, Missouri. Plaintiff seeks compensation for her injuries and damages.

This Court has original jurisdiction over this matter pursuant to both 28 U.S.C. § 1332 and 1331 for the reasons set forth below:

1

    a.    **Diversity Jurisdiction (§ 1332):**

        1.    **Complete diversity exists**.

The following statements were true on <u>both</u> the date that Plaintiff filed her Petition (October 27, 2022) and the date that Home Depot filed its notice of removal (November 25, 2022):

    i.    Plaintiff Marie Edgar was a citizen of the State of Missouri (Plaintiff's Petition, Paragraph 1);

    ii.    Defendant Home Depot is incorporated in the State of Delaware, with its principal place of business in the State of Georgia.

        2.    **The amount in controversy exceeds $75,000.00**.

Based on the content of Plaintiff's Petition, Home Depot believes in good faith that the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

Home Depot satisfies its burden to prove that the amount in controversy exceeds $75,000.00 even though an amount of damages is not specified in Plaintiff's Petition. *See Kaufman v. Costco Wholesale Corp.*, 571 F.Supp.2d 1061, 1063 (D. Minn. 2008) (*citing In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003) (where the Plaintiff does not allege a specific amount in the complaint, the removing party bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00). In the Eighth Circuit, the amount in controversy is measured by the "value to the plaintiff of the right sought to be enforced." *Advance Am. Servicing of Ark. V. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008). *See also Hartridge v. Aetna Cas. & Surety Co.*, 415 F.2d 809, 815 (8th Cir. 1969) (the amount in controversy is the amount that the complainant seeks to

recover or the sum that defendant will lose if the complainant wins the suit). In other words, the amount in controversy is the amount that Plaintiff will seek from a jury in this matter.

Although Home Depot denies liability, Home Depot believes that Plaintiff will seek from a jury an amount greater than $75,000.00. *See Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 821 (8th Cir. 2011) (*quoting In re Reisenberg*, 208 U.S. 90, 107-08 (1908)) ("jurisdiction does not depend upon the fact that the defendant denies the existence of the claim made, or its amount or validity").

Plaintiff claims that she sustained several categories of past, present and future damages because of her alleged injury at Home Depot. (Plaintiff's Petition, Paragraph 19). Specifically, she claims she has "severe and permanent damage to [her] right leg and feet" (also, "painful, permanent, and disabling injuries"), loss of enjoyment of life, inconvenience, pain and suffering, and medical bills. (Plaintiff's Petition, Paragraphs 19-20). Such damages are "routinely" considered by courts in determining whether the amount in controversy threshold is met. *See Raymond v. Lane Constr. Corp.*, 527 F. Supp.2d 156, 163 (D. Maine 2007). Moreover, Defendant's counsel emailed Plaintiff's counsel asking if Plaintiff would stipulate that her claimed damages do not exceed $75,000, and Plaintiff's counsel refused to so stipulate.

WHEREFORE, Defendant, Home Depot U.S.A., Inc., hereby removes the State Court Action pending as Case No. 2211-CC00969 in the Circuit Court of St. Charles, State of Missouri, to this Honorable Court.

**BROWN & JAMES LAW FIRM, P.C.**

___*/s/ Edward W. Zeidler II*___
Edward W. Zeidler II
800 Market Street
St. Louis, Missouri  63101
Phone:  (314)242-5263
Fax:      (314)242-5463
E-mail:  ezeidler@bjpc.com

**LEDERER WESTON CRAIG PLC**

Benjamin M. Weston  (Application PHV forthcoming)
4401 Westown Parkway, Suite 212
West Des Moines, Iowa  50266
Phone: (515)224-3911
Fax:     (515)224-2698
E-mail:   bweston@lwclawyers.com

*ATTORNEYS FOR DEFENDANT*

**CERTIFICATE OF SERVICE**

I hereby certify that on I electronically filed the foregoing with the Clerk of the U.S. District Court for the Eastern District of Missouri, using the ECF system which will send notification of such filing to the following:

Tarun B. Rana
RANA LAW GROUP
655 Craig Road, Suite 252
St. Louis, MO  63141
E-mail:  tarun@ranalawgroup.com
**ATTORNEYS FOR PLAINTIFF**

I certify under penalty of perjury that the foregoing is true and correct.  Executed November 25, 2022.